# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**
August 14, 2020

Lyle W. Cayce
Clerk

No. 19-50040

CHRISTOPHER ALLEN PHILLIPS,

*Petitioner—Appellant*,

*versus*

BOBBY LUMPKIN, DIRECTOR, TEXAS DEPARTMENT OF
CRIMINAL JUSTICE, CORRECTIONAL INSTITUTIONS DIVISION,

*Respondent—Appellee*.

Appeal from the United States District Court
for the Western District of Texas
USDC No. 6:18-CV-4

Before SOUTHWICK, WILLETT, and HO, *Circuit Judges*.

PER CURIAM:*

Christopher Allen Phillips, Texas prisoner # 1790816, moves for a certificate of appealability (COA) to appeal the denial of his 28 U.S.C. § 2254 petition challenging his conviction of aggravated robbery. He also moves for amendment of his COA brief and for the appointment of counsel.

---

* Pursuant to 5TH CIRCUIT RULE 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIRCUIT RULE 47.5.4.

No. 19-50040

The district court denied relief on the claims in Phillips's original § 2254 petition on the merits and the claims in his supplemental § 2254 petition as time barred. Phillips contends that his trial counsel provided ineffective assistance on multiple grounds; the prosecutor engaged in misconduct by presenting false testimony at trial; and the district court erred by declining to conduct an evidentiary hearing. He also contends that the district court erred in determining that his claim that the trial court abused its discretion in admitting the audio recording into evidence was time barred.

To obtain a COA, Phillips must make "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2); *see Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003). When a district court has denied a request for habeas relief on procedural grounds, the prisoner must show "that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). When constitutional claims have been rejected on the merits, the prisoner must show "that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Id.*

By not briefing his claims that the district court erred in denying relief on his claims that the prosecution withheld evidence of a plea bargain and that counsel's cumulative errors deprived him of a fair trial, Phillips has waived the issues. *See Hughes v. Johnson*, 191 F.3d 607, 613 (5th Cir. 1999) ("[i]ssues not raised in the brief filed in support of [a] COA application are waived").

On his briefed claims, Phillips has not made the necessary showing. Accordingly, his motions for a COA and for the appointment of counsel are DENIED. His motion for amendment of his COA brief is GRANTED.

2

No. 19-50040

We construe the motion for a COA with respect to the district court's refusal to hold an evidentiary hearing as a direct appeal of that issue, *see Norman v. Stephens*, 817 F.3d 226, 234 (5th Cir. 2016), and AFFIRM.